LEIGH M. CLARK, Retired Circuit Judge.
Appeals in two separate cases have been jointly submitted by the parties; and we consider them as consolidated for the purposes of an opinion.
In CC81-3216, a jury found defendant guilty of theft in the first degree; the court fixed his punishment at imprisonment for ten years and sentenced him accordingly. In CC-82-99, defendant was convicted on a plea of guilty of “Burglary Third Degree and/or Receiving Stolen Property, First Degree” and sentenced to imprisonment for ten years. The judgment in CC-82-99 recited that the sentence was “to run concurrent with the sentence in Case No. CC-81-3216.” Both judgments were rendered on June 18, 1982. Within an appropriate time thereafter, defendant filed a pro se notice of appeal. An attorney appeared for him throughout the proceedings in each case. An attorney, different from his attorney in the trial court, was appointed by the trial court for his appeal in each case and has filed a brief in his behalf.
CIRCUIT COURT CASE NO. 81-3216
The only issue presented by appellant is thus stated in his brief:
“THE COURT ERRED IN ALLOWING THE INTRODUCTION OF HEARSAY EVIDENCE OVER THE OBJECTION OF DEFENSE COUNSEL.”
Appellant’s contention pertains exclusively to the testimony of Mr. J.W. Vines, Manager of AAA Cooper Transportation Company, relative to whether the storage yard of *672 the transportation company, or trailers therein, had been broken into, and as to the nature, quantity and value of the articles that were alleged to have been the property of the transportation company and to have been feloniously taken by defendant. We quote excerpts from the transcript upon which appellant bases his contention:
“Q. [By State’s counsel]: All right. How long have you been so employed?
“A. [Mr. Vines]: Around IIV2 years.
“Q. AH right. Were you so employed in January of 1981?
“A. Yes, I was.
“Q. All right. On or about January 18th or sometime thereabouts was the storage yard there broken into?
“MR. PALUGHI [Defendant’s counsel]: Objection unless he saw it. Don’t know whether this is on a weekend or what we are talking about.
“THE COURT: Overruled.
“Q. You can answer.
“A. Yes, we had some trailers broken into.
“Q. All right, how could you tell they had been broken into.
“A. When we opened up Sunday night the seals were missing off three trailers.
“Q. All right. Had they been there when you closed the business—
“A. Yes.
“Q. —the time before? Had you seen them yourself?
“A. Yes, I had.
“Q. All right. And they were broken?
“A. The seals were broken, yes.
“Q. All right, were items missing?
“A. Yes, they were.
“Q. All right, did these belong to Cooper Transport or were they in — were you transporting them in—
“A. We were transporting for customers here in Mobile.
“Q. All right, what sort of items were taken, please, sir?
“MR. PALUGHI: Objection. He has to lay a predicate, if he knew what was in there and how he knew it.
“THE COURT: Overruled.
“Q. To be fair about it, I’ll ask that, do you know do you—
“A. Yes.”
We think it can be readily seen from the material quoted above that the first objection made by defendant as qualified by “unless he saw it” was not valid. This, for the reason, that one does not have to have seen the act of breaking into a storage yard or trailers in order to be able to testify that they have been broken into. It is our opinion also that the second objection to the above quoted excerpt was rephrased before any answer was made to it so as to comply with defendant’s objection on the ground that “a predicate” had to be laid for the testimony that followed. We continue with portions of the transcript in which objections were made by defendant’s counsel during the direct examination of Mr. Vines:
“Q. All right, would you tell the ladies and gentlemen of the jury what items were — what sort of items were missing.
“MR. PALUGHI: Judge, again I am going to object. He doesn’t have personal knowledge of what was in there. He’s going allegedly from the manifest.
“THE COURT: Overruled.
“Q. Did you do this yourself?
“A. No, sir, I—
“Q. Are you the manager there?
“A. I’m the manager there and my supervisors, when they called me I came down, and then I went back in the office, calling police and—
“MR. PALUGHI: Judge, all this is hearsay. I object to this, if it please the Court.
“Q. All right, it was done at your direction, was it not?
“A. My direction, yes.
“Q. All right, what, if anything was found to be missing?
“A. Okay, one carton of Gleem, two cartons of Speed Stick, one carton of cologne.
“Q. Just in general.
“A. Well, of soap, candy, batteries for cars, clocks, household goods, it was — we found to be after we called customers and *673 got claims we were missing $1242.35 worth of merchandise.
“MR. PALUGHI: Judge, that’s not responsive and based on hearsay.
“Q. All right. $1242.00 worth of merchandise?
“A. Yes.
“Q. All three trailers or from each trailer?
“A. From all three trailers.
“Q. All right, á total, and that was all taken at the same time?
“A. Yes.
“Q. Okay. Do you know the Defendant in this case, Kenneth Walker [It appears-that defendant is also known as “Kenneth Walker.”]
“A. No, I don’t.
“Q. All right. Do you know whether or not he had permission to be inside your storage area?
“MR. PALUGHI: Objection if it please the Court.
“THE COURT: Overruled.
“A. No, he did not have permission.
“Q. All right, he did not have permission to be taking anything out of your — Cooper Transport’s storage area?
“A. No, sir.
“Q. Or out of those trailers in particular?
“A. No, sir, he didn’t.
“Q. All right. You yourself did not see anyone take anything out of those trailers, did you?
“A. No, sir, I didn’t.”
It is to be seen, in the last excerpt from the transcript, that two, and only two, objections by defendant to questions were overruled. The first question was abandoned, and a series of other questions was commenced. The last question to which an objection was overruled called for a categorical answer as to whether the witness knew whether defendant had permission to be inside the storage area, not whether defendant had such permission. The witness should have been able to answer the question, as it called for information that necessarily was within his own knowledge and as to which he was not dependent upon what someone else had said. He answered the question with a “no” and added to his answer, “he did not have permission.” Even if the words “he did not have permission” were based on hearsay, there was no motion to exclude them, which would have been the appropriate action for defendant to take. Moreover, the ground of hearsay, as now claimed, was not assigned to the defendant’s objection.
Our conclusion is that there was no error prejudicial to defendant in the rulings of the court on the basis of appellant’s only contention for a reversal.
CIRCUIT COURT CASE NO. 82-99
No issue is presented as to CC-82-99. However, we think we should note the puzzling nature of the record as to it. The judgment entries are comprehensive as to the requirements for the acceptance of a guilty plea, but, as there is no court reporter’s transcript before us and there is no formal recognition, such as the execution of an Ireland v. State form, to disclose that all constitutional requirements have been complied with, we are unable to appraise with reasonable certainty the judgment of conviction and sentence in this particular ease. The court reporter’s transcript of the proceeding in CC-81-3216 indicates that a circuit judge other than the trial judge in CC-81-3216 conducted the proceedings and rendered the judgment in CC-82-99. Under all the circumstances, including the absence of any contention that the judgment in CC-82-99 is defective, the appeal therein should be dismissed for want of prosecution.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED IN CIRCUIT COURT CASE NO. 81-3216; APPEAL DISMISSED IN CIRCUIT COURT CASE NO. 82-99.
DeCARLO, P.J., and TYSON, HARRIS and BOWEN, JJ., concur.